James Andrew **WILLIAMS**, Appellant,

v.

**TEXAS DEPARTMENT OF HUMAN RESOURCES**, Appellee.

No. 6304.

Court of Civil Appeals of Texas, Waco.

July 9, 1981.

John Cabaniss, Waco, for appellant.

Donald E. Raybold, Texas Dept. of Human Resources, Waco, for appellee.

OPINION

JAMES, Justice.

In this case Appellant James Andrew Williams appeals by writ of error from a judgment in a paternity suit in which he was declared to be the father of Crystal Kimble, a male child born June 20, 1975, and in which judgment Appellant was ordered to pay child support for said child in the amount of $80.00 per month.

Plaintiff-Appellee Texas Department of Human Resources brought this suit against Appellant Williams for the purpose of establishing that Appellant was the father of the aforesaid child, and to secure appropriate child support orders concerning said

child. Appellant was personally served with citation by personal service while he (Appellant) was an inmate in the Texas State Department of Corrections; however, the evidence showed that at the time of the trial court's hearing, Appellant was free from custody.

Trial was had to the court without a jury. Appellant Williams never at any time filed an answer or otherwise made any appearance in said cause. After hearing the trial court entered judgment declaring that Appellant was the father of said child and ordered him to pay $80.00 per month child support, from which judgment Williams appeals.

Appellant assails the trial court's judgment upon four points of error, asserting there is no evidence and insufficient evidence to support the trial court's judgment declaring Appellant to be the father of said child, and no evidence and insufficient evidence to support the trial court's implied finding that Appellant is capable of supporting said child. We overrule all of Appellant's points and contentions and affirm the trial court's judgment.

The evidence showed that from August 1, 1974 through November 30, 1974, the mother of the child engaged in sexual relations with Appellant Williams and no other man. As heretofore stated, the child was born June 20, 1975, after a full nine months gestation period. Moreover, the record shows that Appellant admitted his paternity of this child in writing. We are of the opinion and hold that the evidence is legally and factually sufficient to support the trial court's finding that Appellant was the father of the child in question.

Moreover, the evidence shows that Appellant at the time of trial was free from custody, and is an able bodied man with no physical disabilities; that before his confinement in the Texas State Department of Corrections he was a construction worker with no evidence that he is now incapable of working as a construction worker. It is a well-settled rule of evidence that "where a person, object, relation or state of things

is proved to have existed at a particular time, its continuance is presumed until the contrary is shown." Volume 1, Texas Practice, Law of Evidence, Third Edition, Section 86, page 96. We believe and hold that the evidence is legally and factually sufficient to support the trial court's implied finding that Appellant is capable of supporting the child in the amount of $80.00 per month.

Judgment of the trial court is affirmed.

AFFIRMED.